UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DANIEL,

     Plaintiff,                         Case No:
                                           Hon.

v.

GANNETT PUBLISHING SERVICES, LLC

     Defendant.

---

Greg A Jones (P75318)
**GASIOREK MORGAN**
Attorneys for Plaintiffs
30500 Northwestern Hwy, Ste 425
Farmington Hills, MI 48334
P: 248-865-0001
F: 248-865-0002
gjones@work-lawyers.com

---

## <u>COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>

Plaintiff, ANDRE DANIEL, by and through his attorneys, GASIOREK,

MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., and for his complaint

against Defendant, states the following:

1.     This cause of action asserts claims of employment discrimination

on the basis of race and age in violation of Title VII of the Civil Rights Act of

1964, as amended, the Age Discrimination in Employment Act ("ADEA"), 29

USC §621 et seq., and the Elliot-Larsen Civil Rights Act, MCL § 37.2101 et seq.

## **PARTIES**

2.     Plaintiff, ANDRE DANIEL (hereinafter, "DANIEL"), is a resident of the City of Auburn Hills, County of Oakland, State of Michigan.

3.     DANIEL is a black male, born on March 4, 1971.

4.     Defendant, GANNETT PUBLISHING SERVICES, LLC (hereinafter, "GANNETT"), is a corporation, incorporated under the laws of the State of Delaware.

5.     GANNETT manages production and circulation for various newspapers, including The Detroit News.

## **JURISDICTION AND VENUE**

6.     This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. §1331 and 1367.

7.     This Court has personal jurisdiction over Defendant because it has continuous and systematic operations in the State of Michigan.

8.     DANIEL filed a Charge of Discrimination with the Equal Employment Opportunity Commission on October 12, 2020 which was within 300 days of the events giving rise to his claims. **(Attached as Exhibit 1)**

9.     The EEOC issued a notification of the right-to-sue to DANIEL on or about March 14, 2022.

10.     DANIEL has filed this complaint within 90 days of receiving the notification of the right-to-sue from the EEOC.

11.     All of the discriminatory and retaliatory practices alleged in this Complaint occurred within the State of Michigan.

12.     Venue is proper and convenient in this judicial circuit.

## STATEMENT OF FACTS

13.     GANNETT hired DANIEL on or about January 18, 2002.

14.     DANIEL was last employed by GANNET as an Associate Manager in Packaging for The Detroit News at their facility in Auburn Hills, Michigan.

15.     At all times relevant throughout DANIEL's 18-plus year career with GANNETT, DANIEL demonstrated that he was a capable and qualified employee.

16.     DANIEL received multiple positive performance reviews, evidencing his qualifications as a GANNETT employee.

### Disparate Treatment in Disciplinary Actions Involving Daniel and a Younger White Female Employee

17.   On or about March 31, 2020, DANIEL approached another Associate Manager, Shelby Jackson (hereinafter, "JACKSON"), to ask her to check if a part had been delivered to the mailroom.

18.   JACKSON responded in an aggressive manner, asking "Did you even try and look for it?" and then "Go Away! Shoo!"

19.   Following the altercation, DANIEL approached his supervisor, Laura Weaver, to discuss the matter.

20.   While DANIEL was meeting with Ms. Weaver, JACKSON entered the meeting, interrupted, and said "this isn't going anywhere – let's just talk about it later."

21.   Ms. Weaver acquiesced, allowing JACKSON to unilaterally terminate DANIEL's meeting with her regarding harassing workplace behavior.

22.   Thereafter, GANNETT issued a written warning to DANIEL which cited the above-referenced confrontation and informed him that further confrontation would be subject to discipline, up to and including termination.

23.   GANNETT did not issue any such warning or discipline toward JACKSON, and younger white female.

24.    GANNETT's disparate treatment of DANIEL with respect to this incident was motivated by a discriminatory animus on the basis of DANIEL's age and/or race.

### Termination and Exclusion of Jackson from Position Elimination

25.    In or around 2020, DANIEL was one of five Associate Managers in Packaging for The Detroit News at the Auburn Hills facility.

26.    In or around the summer of 2020, GANNETT elected to eliminate the position of one Associate Manager.

27.    GANNETT selected DANIEL, as well as three other Associate Mailroom Managers for possible elimination.

28.    Included in the cohort selected for possible termination were the following individuals:

      a.  Andre Daniel, a 49-year-old black male;

      b.  Maria Barton, a 51-year-old Hispanic female;

      c.  Casey Leach, a 51-year-old white male; and

      d.  Sandra Reyna, a 50-year-old Hispanic female.

29.    GANNETT told the above individuals that one of their positions would be eliminated, and provided each with the opportunity to volunteer for termination.

30.    GANNETT informed the above individuals that if none of them volunteered, the individual with the least seniority would be selected for termination.

31.    In establishing the above referenced cohort of individuals selected for possible termination, GANNETT excluded Associate Manager JACKSON, a white female in her early 30s.

32.    Had JACKSON been included in the cohort selected for possible position elimination, she would have had the least seniority as a GANNETT employee, and would have been selected for termination in the event that none of the other Associate Managers volunteered.

33.    GANNETT specifically excluded JACKSON from the group selected for position elimination due to a discriminatory animus on the basis of DANIEL's age and/or race.

34.    None of the associate managers volunteered for position elimination.

35.    On or about July 30, 2020, GANNETT informed DANIEL that he had been selected for termination, effective August 13, 2020.

## COUNT I – VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964
### *Discrimination on the Basis of Race*

36.    Plaintiff realleges and incorporates the allegations of the preceding paragraphs as though fully set forth herein.

6

37.   At all relevant times, the Civil Rights Act of 1964, as amended,

42 U.S.C. §2000e, *et seq.*, provides, in relevant part:

> It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because such individual's race… or (2) to limit segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individuals race…

42 U.S.C. §2000e-2(a).

38.   At all relevant times, DANIEL was an employee of GANNETT

covered by and within the meaning of Title VII.

39.   At all relevant times, GANNET was an employer as that term is

defined by and within the meaning of Title VII.

40.   GANNET violated DANIEL's rights under Title VII of the Civil

Rights Act of 164, as amended, by including but not limited to, creating a

hostile work environment, treating him less favorably than similarly situated

white employees, terminating his employment, denying him opportunities for

other positions, and otherwise discriminating against DANIEL with respect to

the terms, conditions, and privileges of employment because of his race.

41.    As a direct and proximate result of such violations of DANIEL's rights by GANNETT, DANIEL has suffered and will continue to suffer damages, including but not limited to loss of employment and future employment and career opportunities, the loss of past and future employment and income benefits, mental anguish, emotional distress, extreme humiliation, outrage, and the loss and enjoyment of the ordinary pleasures of life.

## COUNT II – VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT
### *Discrimination on the Basis of Age*

42.    Plaintiff realleges and incorporates the allegations of the preceding paragraphs as though fully set forth herein.

43.    At all relevant times, the Age Discrimination in Employment Act ("ADEA"), 29 USC §621 et seq. provides as follows, in relevant part:

It shall be unlawful for an employer –

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his states as an employee, because of such individual's age; or

8

(3) to reduce the wage rate of any employee in order
to comply with this chapter.

29 U.S.C. §623(a).

44.    At all relevant times, DANIEL was an employee of GANNETT covered by and within the meaning of the ADEA.

45.    At all relevant times, GANNET was an employer as that term is defined by and within the meaning of the ADEA.

46.    GANNET violated DANIEL's rights under the ADEA by, including but not limited to, creating a hostile work environment, treating him less favorably than similarly situated younger employees, terminating his employment, denying him opportunities for other positions, and otherwise discriminating against DANIEL with respect to the terms, conditions, and privileges of employment because of his age.

47.    As a direct and proximate result of such violations of DANIEL's rights by GANNETT, DANIEL has suffered and will continue to suffer damages, including but not limited to loss of employment and future employment and career opportunities, the loss of past and future employment and income benefits, mental anguish, emotional distress, extreme humiliation, outrage, and the loss and enjoyment of the ordinary pleasures of life.

**COUNT III – VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT**

9

### *Discrimination on the Basis of Race*

48.    Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

49.    At all times relevant, DANIEL was an "employee" and GANNET was an "employer" within the meaning of Michigan's Elliot-Larsen Civil Rights Act (hereinafter, "ELCRA"), as amended.

50.    At all times relevant herein, DANIEL had a right to employment free from discrimination on the basis of his race under the ELCRA.

51.    GANNETT violated DANIEL's rights under the ELCRA by, including but not limited to creating a hostile work environment, treating him less favorably than similarly situated white employees, terminating his employment, denying him opportunities for other positions, and otherwise discriminating against DANIEL with respect to the terms, conditions, and privileges or employment because of his race.

52.    As a direct and proximate result of such violations of DANIEL's civil rights by GANNET, DANIEL has suffered and continues to suffer damages, including but not limited to loss of past and future income and employee benefits, loss of professional reputation, mental anxiety, emotional distress, outrage, humiliation and embarrassment.

### COUNT IV – VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT
### *Discrimination on the Basis of Age*

53.   Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

54.   At all times relevant herein, DANIEL had a right to employment free from discrimination on the basis of his age under the ELCRA.

55.   GANNETT violated DANIEL's rights under the ELCRA by, including but not limited to creating a hostile work environment, treating him less favorably than similarly situated white employees, terminating his employment, denying him opportunities for other positions, and otherwise discriminating against DANIEL with respect to the terms, conditions, and privileges or employment because of his age.

56.   As a direct and proximate result of such violations of DANIEL's civil rights by GANNET, DANIEL has suffered and continues to suffer damages, including but not limited to loss of past and future income and employee benefits, loss of professional reputation, mental anxiety, emotional distress, outrage, humiliation and embarrassment.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff ANDRE DANIEL, respectfully requests this Honorable Court enter judgment in his favor, and against Defendant GANNET PUBLISHING SERVICES, LLC for (1) Compensatory Damages in an amount to be determined by the finder of fact, (2) exemplary and/or

punitive damages, (2) interest and the cost of litigation, including but not limited to reasonable attorney fees and witness fees.

Respectfully submitted,

GASIOREK MORGAN,

_____
Greg Jones (P75318)
Attorneys for Plaintiff
30500 Northwestern Hwy, Ste 425
Farmington Hills, MI 48334
(248) 865-0001

Dated:  April 25, 2022         gjones@work-lawyers.com

## DEMAND FOR TRIAL BY JURY

Plaintiff, ANDRE DANIEL, by and through his attorneys, GASIOREK,

MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., hereby demands a trial

by jury in this cause.

Respectfully submitted,

GASIOREK MORGAN,

_____
Greg Jones (P75318)
Attorneys for Plaintiff
30500 Northwestern Hwy, Ste 425
Farmington Hills, MI 48334
(248) 865-0001

Dated:  April 25, 2022          gjones@work-lawyers.com

13